UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVIS A. MEDVE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2277 |
| | § | |
| JP MORGAN CHASE BANK, N.A., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before this court is defendants Terry Dufrene and Robert Moore's motion to dismiss for failure to state a claim (Dkt. 3) and plaintiff Travis Medve's motion to remand and request for attorney's fees (Dkt. 8). After reviewing the motions, responses, replies, and applicable law, the court is of the opinion that the motion to remand (Dkt. 8) should be GRANTED and the case should be REMANDED to the 61st Judicial District Court of Harris County, Texas; Medve's request for attorney's fees should be DENIED; and defendants' motion to dismiss (Dkt. 3) should be DENIED for want of jurisdiction.

**I. BACKGROUND**

On July 1, 2015, Medve filed suit in an action styled *Travis A. Medve v. JPMorgan Chase Bank, N.A., Robert H. Moore, III, Terry A. DuFrene, and Justin Smith*, Cause No. 2015-38122 in the 61st Judicial District Court of Harris County, Texas. Dkt. 1, Ex. 2. Medve's complaint asserts, *inter alia*, that JPMorgan Chase Bank, N.A. ("JPMorgan") breached its duties as trustee of a trust created for Medve. *Id*. The petition also names three employees of JPMorgan as defendants: Robert H. Moore, III ("Moore"), Terry A. DuFrene ("Dufrene"), and Justin Smith ("Smith") (collectively, the "Employee Defendants"). *Id*. The petition asserts the following causes of action against

JPMorgan, Moore, Dufrene, and Smith: (1) breach of trust under the Texas Trust Code, (2) breach of fiduciary duty, (3) conversion, and (4) negligence. *Id*. On August 7, 2015, JPMorgan removed the case to this court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Dkt. 1. It is undisputed that the citizenship of Medve and JPMorgan is completely diverse. Medve is a citizen of Texas and, for purposes of diversity jurisdiction, JPMorgan is a citizen of Ohio. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2013) ("[A] national bank . . . is a citizen of the state in which its main office, as set forth in its articles of association, is located."); *see also Horton v. Bank One, N.A.*, 387 F.3d 426, 429 (5th Cir. 2004). However, two of the three Employee Defendants (Smith and Moore) are citizens of Texas and are therefore non-diverse. JPMorgan asserts that the Employee Defendants were improperly joined by Medve.

On August 14, 2015, Dufrene and Moore filed a joint motion to dismiss Medve's claims against them. Dkt. 3. The third employee defendant, Smith, has not been served. On September 3, 2015, Medve filed a motion to remand (Dkt. 8) and a response to the motion to dismiss (Dkt. 7). JPMorgan, Dufrene, and Moore (collectively, "Defendants") filed a joint response to the motion to remand (Dkt. 12), to which Medve filed a reply (Dkt. 15).

## II. Legal Standard

### A. Removal Jurisdiction and Improper Joinder

A defendant may remove an action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441. To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

A case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, *i.e.*, without a legal basis to do so. *Hornbuckle v. State Farm Lloyds*, 385 F.3d

2

538, 542 (5th Cir. 2004). As the removing party, the defendant bears the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). A defendant generally establishes improper joinder in one of two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 646–47). JPMorgan argues the second basis for improper joinder, which focuses on whether the plaintiff has asserted a valid state law cause of action against a non-diverse defendant. *Id.* To prevent remand, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citations and internal quotation marks omitted). The court need not "determine whether plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005). A mere theoretical possibility of recovery, however, is insufficient. *Travis*, 326 F.3d at 648. Further, though factual controversies are resolved in favor of the nonmoving party, in the absence of proof, courts do not "assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000).

In determining whether there is a reasonable basis to predict that the plaintiff might recover against a non-diverse defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "[I]f the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." *Id.* There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed

3

facts that would preclude plaintiff's recovery against the in-state defendant." *Edwea, Inc. v. Allstate Ins. Co.*, No. CIV.A. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010) (Rosenthal, J.) (quoting *Smallwood*, 385 F.3d at 573-74). However, no party in the present case has asked for this type of inquiry. Instead, the parties focus on whether Medve's state-court petition provides a reasonable basis to predict that Medve may recover against any of the in-state defendants under Texas law. If the pleading reveals a reasonable basis of recovery on one cause of action against one in-state defendant, the court must remand the entire suit to state court. *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005) (citing *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004)).

**B. Texas's Fair Notice Pleading Standard Applies**

The Fifth Circuit has recently held that the sufficiency of a plaintiff's state-court petition for purposes of a removal and fraudulent joinder analysis is measured under state court pleading standards. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015); *see also Edwea, Inc. v. Allstate Ins. Co.*, No. CIV.A. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010) (Rosenthal, J.) (agreeing with the majority of courts that have held that "a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient"). Under the Texas fair notice pleading standard, the pleading need only allow "an opposing attorney of reasonable competence . . . [to] ascertain the nature and basic issues of controversy and testimony probably relevant." *Hayden v. Allstate Tex. Lloyds*, No. CIV.A.H-10-646, 2011 WL 240388, at *7 (S.D. Tex. Jan. 20, 2011) (Harmon, J.) (citations and internal quotations marks omitted).

### III. ANALYSIS

Medve asserts that there is no diversity of citizenship because plaintiff Medve and employee defendants Moore and Smith are citizens of Texas.[1] Dkt. 8 at 3. Defendants assert that, even when applying the "liberal Texas pleading standard," there is no reasonable basis for the court to predict that Medve might be able to recover against either Moore or Smith because (1) the original petition fails to allege that the Employee Defendants owed any duty to Medve; and (2) the petition does not allege any specific actionable conduct by the Employee Defendants themselves. Dkt. 12 at 5.

#### A. Duties Owed by the Employee Defendants

JPMorgan initially asserted that "there is no basis in the law for finding that an ***employee of a trustee*** is directly liable for ***breach of trust.***" Dkt. 1 at 7. However, as Medve points out, there are three separate legal bases under Texas law for imposing liability on an employee who carries out the fiduciary functions of an entity: "(1) first, the employee owes a fiduciary duty directly as a subagent carrying out the employer's fiduciary functions, (2) second, the employee is liable if he "participates" in the employer's breach of fiduciary duty, which the employee necessarily does if he is the one carrying out the breaches, and (3) third, the employee is personally liable for any tort he commits in the course of his employment, and breach of fiduciary duty is of course a tort." Dkt. 8 at 6 (citing *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185 (Tex. 2007); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *Searle-Taylor Mach. Co. v. Brown Oil Tools,6 Inc.*, 512 S.W.2d 335, 338 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.)). Although Defendants acknowledge the existence of these three bases for recovery against employees, they assert that the petition fails to adequately plead any of these theories. Dkt. 12 at 4.

---

[1] Medve does not appear to dispute JPMorgan's assertion that Dufrene is diverse.

Defendants suggest that Medve's complaint must provide an exposition of the Texas case law establishing one or more of the above theories and an explanation of how each is applicable to this case. Dkt. 12 at 7. However, this is far more stringent than what Texas's notice pleading standard requires. Medve need not expressly articulate his theory for why Texas law imposes an independent duty on each Employee Defendant (separate from the duties owed by JPMorgan), so long as an independent duty can reasonably be inferred from the complaint. *See, e.g.*, *TorchOperating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1998, writ denied) ("We will look to the pleader's intent and uphold the pleading, even if the pleader has not specifically alleged some element of a cause of action."). "Every fact will be supplied that can reasonably be inferred from what is specifically stated." *Id*; *see also Glidewell v. Safeco Ins. Co. of Ind.*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *5 (N.D. Tex. Aug. 13, 2015) (stating that under Texas law, "[p]arties are not 'required by any law or rule authorizing or regulating any particular action or defense' to include all of a claim's elements in their pleadings").

Defendants cite several premises liability cases for the proposition that a plaintiff must allege an independent duty owed by the employee defendant. Indeed, with respect to cases regarding the improper joinder of employees, courts have held that the pleadings must allege that the individual employee owed a duty (independent of the store's duty) by playing a personal role in creating the dangerous condition at issue. Dkt. 12 at 6 (citing *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CA-300 LY, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014); *see also Adams v. Wal-Mart Stores, Inc.*, No. 4:15cv25, 2015 WL 2198017, at *7–8 (E.D. Tex. May 11, 2015); *Borg v. Old Navy, LLC*, No. SA-13-CV-680—XR, 2013 WL 4677685, at *3 (W.D. Tex. Aug. 29, 2013)). However, as Medve points out, courts considering claims of improper joinder do not analyze intentional tort claims (like the claims asserted in Medve's complaint) under standards applicable

to premises liability claims or other types of negligence claims. Dkt. 15 at 5. As discussed below, even if the standard applied in premises liability cases were applicable to intentional torts, Medve has alleged that the Employee Defendants have "played a personal role" in the alleged tortious conduct that caused injury to Medve.

### B. Alleged Breaches Specific to the Employee Defendants

Defendants assert that the petition has failed to meet the fair notice pleading standard because the petition alleges only that "Defendants as a whole" are liable for breach of trust, breach of fiduciary duty, and negligence "in performing their duties as a trustee and fiduciary." Dkt. 12 at 5. JPMorgan cites to several cases where numerous defendants are listed on the petition without any identification of their connection to the misconduct alleged. For example, in *Griggs v. State Farm Lloyds*, the court disregarded a claim against an insurance agent (i.e., the in-state defendant) where the plaintiff's petition mentioned the insurance agent only "once in passing" and "fail[ed] to state any specific actionable conduct on her part whatsoever." 181 F.3d 694 at 699 (5th Cir. 1999). In *Barclay v. State Farm Lloyds*, the court found allegations inadequate to show a right to recover against individual defendants in a bad faith claim where, *inter alia*, there was no allegation of any specific conduct by the individual, and there was evidence that the individual's contact with the plaintiff was minimal and insubstantial. No. H-14-3649, 2015 WL 1408185 at *5 (S.D. Tex. March 26, 2015 (noting the defendant was involved in "one brief phone conversation and a follow-up acknowledgment letter explaining that the claim had been received and outlining next steps involved in consideration of the claim"). Finally, in *International Energy Venture Management L.L.C. v. United Energy Grp., Ltd.*, plaintiff brought claims for breach of contract, promissory estoppel, quantum meruit, and fraud against both United Energy Group and a third party broker. 800 F.3d 143 (5th Cir. 2015). The Fifth Circuit affirmed the district court's denial of the plaintiff's motion to

remand because the plaintiff never alleged the existence of a contract between it and the third party broker (necessary for breach of contract claim), did not allege that the broker promised it anything (necessary for promissory estoppel claim), did not allege it provided any valuable services to the broker (necessary for quantum meruit claim), and did not allege that the broker made any misrepresentation (necessary for fraud). *Id.* at *4.

This case is distinguishable from the cases cited above because the court (and opposing counsel) may reasonably infer—based on the allegations included in the petition—that Medve is alleging that Moore, Dufrene, and Smith owed and breached their fiduciary duties while carrying out the fiduciary function of JPMorgan as corporate trustee. First, the petition makes it abundantly clear that Medve is asserting causes of action against both JPMorgan and the Employee Defendants in their individual capacities. It is also obvious from the petition that Medve is alleging that the wrongful conduct was committed by the Employee Defendants. Paragraph 3 of the petition alleges:

> Defendants Moore and Dufrene, who are employed by both JPMorgan and JP Morgan Securities, LLC, acted as investment advisors to the Travis Medve Trusts. Portfolio management of the Travis Medve Trusts was done by Defendant Smith, an employee of the Defendant JPMorgan. All Defendants knew that the Travis Medve Trusts accounts were "fiduciary" accounts (that was what JP Morgan calls them), but failed to treat them as such in that all defendants put the interests of JPMorgan and its affiliates above the interests of the Travis Medve Trusts.

Dkt. 1, Ex. 2 at 5.

Therefore, Medve identifies each employee defendant's position at JPMorgan and each employee's respective role with regards to the Medve Trusts (i.e., that Moore and Dufrene acted as investment advisors and Smith as a Portfolio manager of the Medve Trusts). Dkt. 1, Ex. 2 at 5. Next, Medve (1) alleges that each employee defendant had knowledge that the Medve Trusts were "fiduciary accounts"; and (2) alleges that each employee defendant failed to treat the Medve Trusts as fiduciary accounts by placing the interests of JPMorgan above the interests of the Medve Trusts.

*Id*. Finally, the petition alleges that "JPMorgan, Moore, Dufrene, and Smith, *individually and/or jointly*, have engaged in the following actionable conduct . . ." *Id*. at 6 (emphasis added). Medve then provides a list of nearly twenty specific acts of wrongdoing that the Employee Defendants committed in connection with their rendition of financial and investment services to Medve (i.e., "using a fee schedule that favored investments in JPMorgan mutual funds . . . over third party investments that had better rates of return"). *Id*. at 6-8.

By comparison, in *Tebon v. Travelers Insurance Co.*, 392 F. Supp. 2d 894 (S.D. Tex. 2005), the plaintiff in a case removed on a fraudulent joinder theory sought to impose personal liability on an insurance adjuster who worked for Traveler's Insurance Company. In that case, the plaintiff's complaint asserted that "all of the allegations in the petition were conducted by and through adjuster Shill under the auspices of employment for [Traveler's]" and that the adjuster acted intentionally. *Id.* at 900. The court held that removal was improper, stating that it "[could not] rule with certainty that there is no possibility" that the plaintiff could establish a cause of action against the individual defendant. *Id.* at 899–900 (distinguishing *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999), where the court held that removal was proper because "the only factual allegation mentioning the insurance agent in *Griggs* stated that Defendants, through its local agent . . . issued an insurance policy" (citations and internal quotation marks omitted)). Medve's allegations against the Employee Defendants are even more specific than the allegations asserted against the insurance adjuster in *Tebon*. Accordingly, Medve's complaint satisfies Texas's notice pleading standard.

### C. Attorney's Fees

Medve requests an award of attorney's fees and costs from Defendants pursuant to 28 U.S.C. § 1447(c). Dkt. 8 at 18. The standard for awarding attorney's fees on a motion to remand is whether "the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599

F.3d 455, 457 (5th Cir. 2010) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In determining whether the removing party had an objectively reasonable basis for removal, courts "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Defendant JPMorgan removed this lawsuit based on its assertion that Medve improperly joined the Employee Defendants in order to defeat diversity jurisdiction. The court finds that defendant had an objectively reasonable basis to remove the case. *See id*. at 294 (holding that defendant had reasonable grounds upon which to remove the case based on plaintiff's alleged fraudulent joinder of a store manager, relying, in part, on defendant's assertion that "[j]oining local employees to defeat diversity jurisdiction is a common and wasteful practice by attorneys who rarely, if ever, actually pursue claims against those individuals and know that they tend to be judgment proof"). Accordingly, Medve's request for attorney's fees is DENIED.

## IV. Conclusion

The court finds that the Employee Defendants were properly joined. Therefore, Medve's motion to remand (Dkt. 8) is GRANTED. It is further ORDERED that Medve's request for attorney's fees and costs is DENIED, and defendants' motion to dismiss (Dkt. 3) is DENIED for want of jurisdiction. This case is REMANDED to the 61st Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on February 2, 2016.

_____
Gray H. Miller
United States District Judge